### NUGENT *v.* WANN.

*(Circuit Court, D. Minnesota. ———, 1880.)*

1. NEGLIGENCE—EXCAVATION IN DRIVE-WAY—POLICE OFFICER.

McCRARY, C. J., (*charging the jury.*) The court instructs you in this case as follows: The plaintiff sues the defendant to recover damages resulting to him from injuries received by falling into an excavation made by the defendant in a place alleged by the plaintiff to have been a public alley or drive way over certain premises described in the petition.

Defendant denies that said alley or drive way was public; alleges that it was purely private, and was never used as a public way; that he was not bound to warn plaintiff of the danger of passing over it, and that he had a right to make, in the alley, the excavation into which the plaintiff fell, and was not bound to notify plaintiff, or the public, of its presence therein, or of the danger of falling into the same.

The duty of the defendant with respect to the alley way, at the time of the accident, depends upon the character of the way as to being public or private, and upon the purposes for which it had been used. It appears in evidence that this alley way was laid out under a written contract between the adjoining proprietors, and the court, having considered that contract and construed it, instructs you that it constituted the alley way in question, as originally laid out, and, so far as opened, a private way for the use of the owners of the

adjoining premises, and their tenants, customers and employes, and not a public highway.

It follows from this that you must find for the defendant, unless you find, from the evidence, and in view of what I shall hereafter say, that the alley way was, with the assent of defendant, opened to and used by the public as a passage way.

A proprietor of land who opens a private way upon his own premises is under no obligations to keep the same in repair for the safety of persons who may pass over it uninvited; and even when such proprietor permits persons genererally to pass over such way he does not make himself liable for accidents or injuries which may result from the fact that the way is not a safe one, or not in repair.

The proprietor of such a way owes no duty to the public to keep it in repair for their use, and whoever uses it does so at his own risk, provided only that the proprietor, knowing that the public are in the habit of using the way, has no right to place therein anything that he knows will endanger the safety of persons passing over it, without giving warning of the danger.

If you find that the alley way in which the plaintiff was injured was a private one, and was not open to and used by the public, you will return a verdict for the defendant. It is claimed by the plaintiff that the alley way in question, though laid out as a private way, was in fact open to and used by the public generally, and that it had been so used for sometime prior to the accident, and that plaintiff knew that fact, and that, therefore, it was not negligence in him to attempt to pass over it; also that the defendant knew that the public were in the habit of passing that way, and that persons so passing would be in danger of falling into the excavation. It is for you to decide, from the evidence, whether these were facts.

In determining this question you will consider all the facts and circumstances developed in the evidence. You will consider the purposes for which the way was opened; any evidence before you as to the purposes for which, and the per-

sons by whom, it was used; the character of the way itself as to being well worn by the passage of persons and vehicles, or otherwise; the character of the passage from the street into the alley, and whether the same was such as to indicate a purpose to open the passage for the use of the public; and from all the evidence, and not from anything outside of the evidence, you will determine whether the alley way was used by the public, and regarded by them and by plaintiff as open to their use. If you find that it was so opened and used, you will then inquire and decide whether the defendant, knowing that fact, dug in the alley a dangerous excavation or pit, which he knew, or had reasonable cause to believe, would endanger the safety of any person passing, and left it open and unguarded, giving no notice or warning of its presence; and if this is found, from the evidence, to be true, you will then inquire and determine, from the evidence, whether the plaintiff, in the performance of his duty as a peace officer, and passing over the way in the night-time, without negligence, or want of ordinary care on his part, fell into the excavation and was injured. The owner of land has a right to use it as he pleases, so he does not thereby endanger the person or property of another. The defendant had a right to make the excavation in question for the purpose of preparing a receptacle for fuel, or for any lawful purpose, and he was under no obligations to warn any one of the danger of passing that way, unless the fact that the place where the excavation was made had been used, and was, at the time of making the the same, in use by the public as a passage way, and the defendant knew that fact.

From what I have said you will observe that you are to confine your inquiries to the following questions:

1. Was the alley way used as a passage way by the public at and before the time of the accident, and was the plaintiff aware of that fact?

If you decide this question in the negative you will find for defendant, and no further consideration of the case is necessary.

2. But if you find the question just stated in the affirma-

tive, you will inquire and determine whether the plaintiff, without knowledge or notice of the excavation, was passing along the alley way on lawful business, and fell into the same and was injured.

3. If the first and second questions are decided in the affirmative, it will then be necessary for you to consider the question of contributory negligence on the part of the plaintiff. Although you may find that the defendant was guilty of negligence, under the instructions I have given you, yet the plaintiff cannot recover by reason of the defendant's negligence alone, if he (plaintiff) was also guilty of negligence, which caused or contributed to the injury. The plaintiff was bound to use such care as a man of ordinary prudence would use under all the circumstances. You are to determine, from the evidence, whether there was a want of care on the part of plaintiff, within the meaning of the law as thus defined, and you will take into consideration, in determining this question, all the circumstances, including the fact that the plaintiff was a peace officer, and had a right, at any hour of the night, to pursue a criminal through the alley, as well as the fact that the night was dark, and that he failed to take a light with him, and the fact that he had a light when he entered the alley, which went out, and which he did not relight. If the plaintiff failed to use ordinary care and prudence, and his failure to do so caused or contributed to his injury, he cannot recover, since the law is that where both parties are at fault the party sustaining the injury cannot recover.

If you find for the plaintiff you will assess his damages at such sum, not exceeding the sum claimed in the petition, ($8,000,) as you believe to be just and reasonable, under all the circumstances, taking into account the physical injuries to the plaintiff, his pain and suffering, the expenses of nurses and physicians, his ability to earn a living since the accident, as compared with his ability to do so before it occurred, and the probable effects upon his health and ability to earn a living in the future, as shown by the evidence.

In view of all the evidence you will, if you find for plain-

tiff, fix his damages at a reasonable, but not an unreasonable or excessive, sum.

The use of the alley way by the proprietors, and their tenants, customers and employes, as a way for hauling fuel and carrying earth excavated by said proprietors, however extensive this use may have been, would not impose upon defendant any duty of warning the public or plaintiff of the presence of the excavation therein. The defendant's liability, if it exists, must be based upon satifactory proof that the alley way had been used by the public.

Upon the question of defendant's negligence the burden of proof is upon the plaintiff. Upon the question of contributory negligence on the part of plaintiff the burden of proof is upon the defendant.

The defendant having acquired the right to make the excavation upon the land of Dr. Wharton, under the written contract in evidence, is to be considered the proprietor of said excavation, for the purposes of this suit. The fact that it was not on his own land neither increases nor diminishes his liability.